# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

CESERE CRAWFORD,                :     BIVENS
     Plaintiff,                 :     28 U.S.C. § 1331
                                      :
     v.                       :     CIVIL ACTION NO.
                                        :     1:13-CV-0900-TWT-GGB
WARDEN KELLER; FEDERAL    :
BUREAU OF PRISONS; WILLIE   :
WELLS,                       :
     Defendants.              :

## ORDER, REPORT AND RECOMMENDATION

Plaintiff, Cesere Crawford, an inmate at the Federal Correctional Institution in Edgefield, South Carolina, has filed a *pro se* civil rights action.  [Doc. 1].  Plaintiff has been granted *in forma pauperis* status, and the matter is presently before me for a 28 U.S.C. § 1915A review.

## I.  28 U.S.C. § 1915A Review

Federal courts are required to conduct an initial screening of prisoner complaints against governments or government officials to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A.  Courts may dismiss a complaint if the alleged facts do

not state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States or a federal statute; and (2) the act or omission was committed by a person acting under color of state law.  *Evans v. St. Lucie County* Jail, 448 F. App'x 971, 973 (11th Cir. 2011) (citing *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995)).

Plaintiff's claims against the federal Defendants arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  In *Bivens*, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to a damages action in federal court, brought under 28 U.S.C. § 1331.  Because "[t]he effect of *Bivens* was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials," courts generally apply section 1983 law to *Bivens* cases.  *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).

2

II.  <u>Plaintiff's Allegations</u>

Plaintiff sues Warden Keller, the Federal Bureau of Prisons, and Officer Willie Wells, alleging that he was subjected to excessive force during his incarceration at the federal prison in Atlanta.  According to Plaintiff, on October 12, 2011, he was walking to the pill line window when he was stopped by Officers Wells and Bonds.  Plaintiff contends that the officers asked Plaintiff where he was going, and Officer Wells told Plaintiff that he could not proceed to the pill line.  Plaintiff contends that he asked to speak with a supervisor, and Officer Wells denied his request.  Plaintiff asked Officer Wells a second time and his request was again denied.  Plaintiff contends that Officer Wells activated his body alarm and then pushed Plaintiff to the floor as other officers approached the area.  Plaintiff alleges that approximately 5-7 officers attacked him.  According to Plaintiff, he suffered black eyes, a busted lip, a busted nose, a cracked "partial plate," and other "minor scratches and bruises."  Plaintiff contends that he was escorted to the medical department after the attack and photographs were taken of his injuries.  Plaintiff seeks damages and declaratory relief.

3

III.  Discussion

    A.  Warden Keller Is Not Liable Based On His Supervisory Position.

    "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts

of their subordinates on the basis of respondeat superior or vicarious liability."

*Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell*,

193 F.3d 1263, 1269 (11th Cir. 1999)).  A supervisor may be liable only if he: "(1)

instituted a custom or policy which resulted in a violation of the plaintiff's

constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to

stop his subordinates from acting unlawfully when he knew they would."  *Gross v.

White*, 340 F. App'x 527, 531 (11th Cir. 2009) (citing *Goebert v. Lee County*, 510

F.3d 1312, 1331 (11th Cir. 2007)).  Plaintiff's conclusory allegations that Warden

Keller is "responsible for all acts of staff of USP Atlanta" fail to meet any of the

above requirements for liability.  Thus, Plaintiff's claims against Defendant Warden

Keller are subject to dismissal.

    B.  The Federal Bureau of Prisons Is Not A Proper Defendant.

    Plaintiff names the Federal Bureau of Prisons as a named Defendant in this

case.  However, the proper defendants in a *Bivens* action are the federal officers who

allegedly violated the Plaintiff's constitutional rights, not the federal agency that

4

employs the officers. *FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994). Thus, the Federal Bureau of Prisons should be dismissed.

C. Plaintiff's Excessive Force Claim Against Defendant Wells Is Allowed To Proceed.

"Whenever prison officials stand accused of using excessive physical force constituting 'the unnecessary and wanton infliction of pain' violative of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 1-2 (1992) (internal citations omitted). The facts alleged in the instant complaint support an inference that the use of force may have been applied maliciously and sadistically to cause harm. Accordingly, Plaintiff's excessive force claim should be allowed to **PROCEED** against Defendant Wells.[1]

---

[1]Plaintiff also alleges that other unnamed officers attacked him. Plaintiff may amend his complaint at a later date to add the unnamed officers should he discover their identities and wish to add them as defendants in this action.

IV.  Conclusion

Based on the foregoing, **I ORDER** that Plaintiff's excessive force claim be **ALLOWED TO PROCEED** as any other civil action against Defendant Officer Willie Wells.

**I RECOMMEND** that Plaintiff's claims against Defendants Warden Keller and the Federal Bureau of Prisons be **DISMISSED**.

A Plaintiff who sues an officer or employee of the United States must serve both the individual Defendant and the United States.  *See* Fed. R. Civ. P. 4(i)(2), (3). Accordingly, the Clerk **SHALL** send Plaintiff one USM 285 form and one summons each for (1) the United States Attorney General, (2) the United States Attorney for the Northern District of Georgia, and (3)Defendant Officer Wells.  Plaintiff **SHALL** complete each USM 285 form and summons and return the forms to the Clerk of Court within twenty (20) days of the entry date of this Order.  Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk **SHALL** resubmit this action to the Court if Plaintiff fails to comply.

Upon receipt of the forms, the Clerk **SHALL** prepare and transmit to the U.S. Marshal's Service two service packages for the United States, as described in Fed. R.

6

Civ. P. 4(i)(1).[2]  Each service package must include the USM 285 form and a copy of the summons and of the complaint.  Upon receipt of the service packages, the U.S. Marshal's Service **SHALL** serve the United States as provided in Rule 4(i)(1).  Each completed USM 285 form **SHALL** be filed with the Clerk.

The Clerk **SHALL** prepare a service waiver package for Defendant Officer Wells.[3]  The service waiver package must include two (2) Notice of Lawsuit and Request for Waiver of Service of Summons forms (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for return of the waiver form,

---

[2] "To serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought–or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk–or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office"; and also "(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1).

[3] "To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must . . . serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3). "Invocation of the individual service provisions of subdivisions (e), (f), and (g) invokes also the waiver-of-service provisions of subdivision (d)." Rule 4, Advisory Comm. Notes, 2000 Amend. ¶ 1.

AO 72A
(Rev.8/82)

one (1) copy of the complaint, and one (1) copy of this Order. The Clerk **SHALL** retain the USM 285 form and summons for Defendant Officer Wells.

Upon completion of a service waiver package for Defendant Officer Wells, the Clerk **SHALL** complete the lower portion of the Notice of Lawsuit and Request for Waiver form and mail a service waiver package to Defendant Officer Wells. Defendants have a duty to avoid unnecessary costs of serving the summons. If Defendant Officer Wells fails to comply with the request for waiver of service, he must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant Officer Wells does not return an executed Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package is mailed, the Clerk **SHALL** prepare and transmit to the U.S. Marshal's Service a service package for Defendant.  The service package must include the USM 285 form and a copy of the summons and of the complaint. Upon receipt of the service package, the U.S. Marshal's Service **SHALL** personally serve Defendant Officer Wells.  The executed waiver form or the completed USM 285 form **SHALL** be filed with the Clerk.

AO 72A
(Rev.8/82)

Plaintiff **SHALL** serve upon Defendant Officer Wells or his counsel a copy of every additional pleading or other document that is filed with the Clerk of Court. Each pleading or other document filed with the Clerk **SHALL** include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant or his counsel. This Court will disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff also **SHALL** keep the Court and Defendant advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

Finally, prisoner civil rights cases are automatically assigned to a zero-month discovery track. If any party determines that discovery is required, that party must, within thirty days after the first appearance of a defendant by answer, file a motion requesting a discovery period.

**IT IS SO ORDERED AND RECOMMENDED,** this 13th day of August, 2013.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

9