IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CESERE CRAWFORD, | :: | PRISONER CIVIL RIGHTS |
|     Plaintiff, | :: | 28 U.S.C. § 1331 |
| | :: | |
| v. | :: | |
| | :: | |
| WILLIE WELLS, | :: | CIVIL ACTION NO. |
|     Defendant. | :: | 1:13-CV-900-TWT-GGB |

## FINAL REPORT AND RECOMMENDATION

Plaintiff is a federal prisoner who, pro se, alleges in this action that Defendant, a prison guard, used excessive force against him on October 12, 2011. (Doc. 1.) The Court screened Plaintiff's complaint under 28 U.S.C. § 1915A and allowed the excessive force claim to proceed. (Docs. 5, 9.)

Defendant filed a motion to dismiss, (Doc. 19), and Plaintiff filed a motion for status hearing or for summary judgment, (Doc. 20). For the reasons discussed below, I recommend that Defendant's motion be granted and that Plaintiff's motion be denied.

**I.   Plaintiff's Motion**

Defendant filed two motions to extend the deadline to file his responsive pleading, filing the second one on the day his responsive pleading was due. (Docs. 16, 17.) I granted both motions. (Docs. 18, 21.)

Before I granted the second motion, Plaintiff filed a motion for status hearing or for summary judgment on the basis that Defendant did not file an answer by the deadline set in my first Order. (Doc. 20.) Because my second Order extended the deadline and Defendant filed his responsive pleading by the new deadline, the pleading was timely filed and Plaintiff's motion must be denied.

## II.     Defendant's Motion

Defendant asserts two grounds in his motion to dismiss. (Doc. 19.) He contends that Plaintiff did not exhaust his administrative remedies and that Plaintiff's claim is barred by the doctrine set out in *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.*) In support of his motion, Defendant submitted declarations from Duane Donovan, a Discipline Hearing Officer in the federal Bureau of Prisons ("BOP"), and Glenda Dykes, a Legal Instruments Examiner in the BOP's Southeast Regional Office. (Docs. 19-1, 19-2.) Defendant's arguments for dismissal depend on the evidence contained in those declarations and the exhibits to them. (Doc. 19.) Plaintiff filed a response opposing the motion to dismiss. (Doc. 30.)

The general rule is that matters outside the pleadings cannot be considered in resolving a motion to dismiss without converting the motion to one for summary judgment. Fed. R. Civ. P. 12(d); *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir.

2

AO 72A
(Rev.8/82)

2005). If a motion to dismiss is converted to one for summary judgment, the plaintiff must be notified of the conversion and given an opportunity to present pertinent evidence. *See* Fed. R. Civ. P. 12(d).

A motion to dismiss is the proper vehicle to assert the affirmative defense of failure to exhaust administrative remedies because the issue is a matter of abatement. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008). Federal courts may even resolve factual disputes in ruling on a motion to dismiss asserting lack of exhaustion. *Id.* at 1373-74. The Court thus may resolve Defendant's motion to dismiss on the ground that Plaintiff failed to exhaust his administrative remedies without converting it to a motion for summary judgment.[1]

Defendant provided no authority, however, for the notion that the Court may resolve his motion to dismiss on the basis of *Heck* where the evidence necessary to the *Heck* analysis is contained only in the declarations attached to the motion. The declarations state that Plaintiff was convicted in prison disciplinary proceedings of insubordination for the event that is the basis of Plaintiff's excessive force claim in this suit. (Docs. 19-1, 19-2.) Plaintiff's complaint, however, does not mention any

---

[1] Plaintiff had ample time to respond to the exhaustion issue and present any evidence he wished to present on the issue. Plaintiff received a copy of the motion to dismiss on March 28, 2014, and I granted his motions to extend his response deadline to May 30, 2014. (Docs. 27, 29.)

3

disciplinary proceedings or conviction.  (Doc. 1.)  I find no basis to decide the *Heck* issue on a motion to dismiss under those circumstances.  I thus proceed to analysis of the exhaustion issue.

      A.    <u>Law Regarding Administrative Exhaustion</u>

Before filing a claim in court, federal prisoners must properly exhaust all available administrative remedies.  42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any . . . prison . . . until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Davis v. United States*, 272 F. App'x 863, 865 (11th Cir. 2008).  "There is no question that exhaustion is mandatory . . . and that unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 211 (2007).  Moreover, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Woodford*, 548 U.S. at 90-91.

4

BOP regulations require federal inmates to follow an administrative grievance process for issues related to their confinement. 28 C.F.R. §§ 542.10 to 542.19. The procedures are also contained in the BOP's Program Statement regarding its administrative remedy program. (*See* Doc. 19-2 at 15-30 (copy of Program Statement 1330.17).)

The BOP's administrative remedy process requires an inmate to first attempt informal resolution with local prison officials. 28 C.F.R. §§ 542.13, 542.14; (Doc. 19-2 at 3-4). If the grievance is not resolved informally and the inmate wishes to pursue the matter further, he must present his grievance to the prison warden on a "BP-9" form. 28 C.F.R. § 542.14; (Doc. 19-2 at 4.)

If dissatisfied with the warden's response, the inmate must file an appeal with the Regional Director on a "BP-10" form. (*Id.* at 4-5.); 28 C.F.R. § 542.15(a). If the issue is not resolved at the Regional Director's level, the inmate must file a final appeal to the Central Office of the General Counsel in Washington, D.C. using a "BP-11" form. 28 C.F.R. §§ 542.15(a), 542.18; (Doc. 19-2 at 5.)

If an inmate believes that he would be placed in danger if his grievance were known at the prison where he is confined, he may file a "sensitive" grievance directly with the Regional Director. (Doc. 19-2 at 5-7, 20.) The inmate must

5

clearly mark the grievance as "sensitive" and explain the reason he did not submit it at the prison level. (*Id.*) If the Regional Director agrees that the grievance is sensitive, it will be accepted. (*Id.*) Otherwise, the Regional Director rejects the grievance and advises the inmate in writing of the rejection. (*Id.*) BOP Program Statement 1330.17 provides that if the grievance is rejected as not being sensitive, "[t]he inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden" of the prison. (*Id.* at 20.)

    B.    <u>Analysis</u>

Plaintiff grieved Defendant's alleged use of excessive force on October 12, 2011 by submitting three sensitive grievances directly to the BOP's Southeast Regional Director. (*Id.* at 9-11, 54 (copy of first submission dated October 24, 2011), 57 (copy of second submission dated December 24, 2011), 60 (copy of third submission dated February 5, 2012).) The Regional Director rejected all three submissions because he did not consider the subject of the grievances to be sensitive in nature. (*Id.* at 9-11, 53 (copy of first rejection dated November 17, 2011), 56 (copy of second rejection dated January 18, 2012), 59 (copy of third rejection dated February 14, 2012).) All three rejection letters informed Plaintiff that the grievances were rejected because "the issue you raised is not sensitive" and

6

"you should file a request or appeal at the appropriate level via regular procedures." (*Id.* at 53, 56, 59.)

Plaintiff has not shown that he submitted his grievance through the regular procedure after his sensitive grievances were rejected at the regional level. He gave the Court a copy of a BP-8 – an informal request for resolution – dated October 14, 2011 that he says he gave to prison staff regarding the alleged October 12, 2011 incident. (Doc. 30 at 5.) But he did not give the Court any BP-9s or any other evidence of grievances submitted to the prison warden.

The only other evidence in the record of Plaintiff's attempts to grieve the alleged October 12, 2011 incident is a BP-11 dated May 28, 2012 that Plaintiff submitted directly to the BOP's Central Office in Washington. (*Id.* at 8; Doc. 19-2 at 11-12.) Plaintiff stated in that submission that he was appealing the Regional Director's refusal to consider his earlier sensitive grievances. (Doc. 30 at 8.) The

7

Central Office rejected Plaintiff's submission because he had not exhausted his remedies at the institution and regional levels.[2]  (*Id.*)

The evidence in the record thus indicates that Plaintiff did not follow the normal BOP grievance procedure, starting at the prison level, after rejection of his sensitive grievances.  "It is well-established that a federal prisoner who attempts to bypass the normal grievance procedure by filing a 'sensitive' grievance with the regional office has failed to properly exhaust his administrative remedies." *Antonelli v. Crow*, No. 08-261-GFVT, 2012 WL 4215024, at *6 (E.D. Ken. Sept. 19, 2012) (citing cases from district courts); *see Smith v. Fed. Bureau of Prisons Dir.*, 406 F. App'x 578, 580-81 (3d Cir. 2011) (affirming dismissal of case where inmate produced no evidence of submitting grievance locally via BP-9 after his three sensitive grievances were rejected by regional office); *Marshall v. Mouse*, No. 5:10cv52, 2011 WL 3627155, at *4 (July 25, 2011) ("Although the plaintiff was twice advised of the proper procedure for exhausting his administrative grievance

---

[2] Plaintiff was found guilty of insubordination in the October 12, 2011 incident pursuant to a disciplinary report issued on December 11, 2011.  (Doc. 19-1 at 77-78.)  On January 4, 2012, Plaintiff appealed the disciplinary decision to the Regional Director, which is the proper procedure.  (Doc. 19-2 at 7; Doc. 30 at 7 (copy of appeal).)  The Regional Director remanded the matter for a rehearing.  (Doc. 30 at 9.)  Another disciplinary hearing was held and Plaintiff was again found guilty.  (Doc. 19-1 at 3, 83-84.)  There is no evidence in the record that Plaintiff appealed the second disciplinary decision.

8

[after his sensitive grievances were rejected], he failed to comply with those instructions and filed no further administrative remedies . . . . Thus, he did not properly exhaust his administrative remedies."), *R&R adopted by* 2011 WL 3627102 (N.D. W. Va. Aug. 17, 2011); *Abuhouran v. Morrison*, No. 4:06CV1207, 2006 WL 2334748, at *5-6 (N.D. Ohio Aug. 10, 2006) (holding inmate did not exhaust administrative remedies where he repeatedly submitted sensitive grievances that were rejected and did not follow instructions to submit grievance locally). "Even if his sensitive issue appeals were improperly denied, [Plaintiff] had a means of exhausting his required administrative remedies. The regulations require that if a sensitive issue is denied, the inmate must initiate a remedy request through the local institution. [Plaintiff] failed to do so and therefore failed to exhaust his available administrative remedies." *See Furrow v. Wells*, No. 2:10-cv-63-WTL-WGH, 2012 WL 627274, at *3 (S.D. Ind. Feb. 24, 2012).

To the extent Plaintiff believes it would have been futile to submit his excessive force grievance at the prison level, that would not excuse his failure to follow the established grievance procedure because "the exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile." *See Higginbottom v. Carter*, 223 F.3d 1259, 1261

9

(11th Cir. 2000) (affirming this Court's dismissal of inmate's § 1983 claims for lack of exhaustion). Because the evidence demonstrates that Plaintiff did not exhaust his administrative remedies regarding the incident that is the subject of this case, the case should be dismissed.

### III.    Conclusion

For the foregoing reasons, I **RECOMMEND** that Defendant's motion to dismiss [19] be **GRANTED** and that this case be **DISMISSED WITHOUT PREJUDICE** for lack of administrative exhaustion. I **FURTHER RECOMMEND** that Plaintiff's motion for status hearing or for summary judgment [20] be **DENIED**.

**SO RECOMMENDED**, this 5th day of June, 2014.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)